IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21CR158 (LMB) |
| | : | The Hon. Leonie M. Brinkema |
| ASHLEY KOLHOFF | : | |
|     Defendant | : | |
| | : | |

## DEFENSE POSITION ON SENTENCING

COMES NOW ASHLEY KOLHOFF, Defendant in the above-styled case, by and through Counsel, and hereby presents this Court with her position on sentencing.

On April 12, 2022, Your Honor found Ashley guilty 1 count of Production of Child Pornography and 1 count of Distribution of Child Pornography.

By statute, Ashley is facing a mandatory minimum sentence of 15 years for the Production of Child Pornography and 5 years for the Distribution of Child Pornography.

Since April 12, 2022 Counsel has been in contact with the United States Attorney Office, and those in a position to exercise a modicum of prosecutorial discretion when it comes to prosecuting this young woman to this degree. Undersigned Counsel implored them to work with Ashley to find a middle ground which would ensure she receives the mental health treatment she desperately needs while not punishing her far in excess of what is required or even humane. In response, Undersigned Counsel was informed that, after much consideration, the United States Attorney's Office considered this to be a "principled prosecution", whatever that might mean. Undersigned Counsel is at a loss as to what "prosecutorial principle" requires a 15-year sentence vs a 5-year sentence, on these facts and for this individual; even the government does not seem to actually believe that Ashely truly intended to prostitute herself and her own daughter.

It also bears repeating that both experts agreed at trial that Ashley suffers from numerous and severe mental health issues. Dr. Hendricks concluded that Ashely suffers from, among other things, Complex Post Traumatic Stress Disorder, and was likely experiencing a series of dissociative episodes in which she had only a limited capacity to direct or control her actions and judgment. Dr. Kalbeitzer, who diagnosed Ashley as suffering from, among other things, Post Traumatic Stress Disorder, testified that it is entirely possible that, as someone who suffers from PTSD, Ashley was triggered when she discovered sex abusers on her child protection website and, as a result, went in and out of dissociative events during the time period in question.[1]

In other words, this is not a case where one expert disagrees with another and the Court is required to make a credibility determination (though such a determination would necessarily favor Dr. Hendricks, give his vast clinical and therapeutic backgrounds and the exhaustive nature of expert report). In this case, there is no dispute: both experts agree that there is at least some question about Ashley's mental state at the time of the index incidents, a question which must give rise to a reasonable doubt.

Accordingly, given the United States Attorneys' Office unwillingness to exercise its vast prosecutorial discretion, Undersigned Counsel is asking Your Honor to revisit its initial conclusions regarding whether the government has, in fact, proven all the essential elements of the offenses. If Dr. Kalbeitzer had even a small doubt about Ashley's mental state, surely Your Honor, upon reflection, must have one as well.

If the Court is unwilling revisit its earlier conclusions and/or to sentence Ashley below the mandatory minimums, Ashley objects to these mandatory minimum sentences as being cruel and

---

[1] Testimony of Dr. Rachel Kalbeitzer at 260-61

unusual in violation of the 8th Amendment. Counsel makes this objection fully aware of the current state of the law.

Instead, Ashley respectfully moves this Court to impose the following sentences which would run concurrently with one another: 15 years for the Production of Child Pornography and 5 years for the Distribution of Child Pornography, yielding a total active sentence of 15 years in prison. An active sentence of 15 years in prison for this young woman- and for this these offenses- is already a draconian and abhorrently disproportionate sentence, one that in no way properly reflects who she is or the nature and circumstances of her offenses.

Respectfully Submitted,

ASHLEY KOLHOFF
By Counsel

_____/s/_____
CHRISTOPHER AMOLSCH
VSB #43800
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
Ph: 703.969.2214
chrisamolsch@yahoo.com
Counsel for Ms. Kolhoff

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July 2022 I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

_____/s/_____
CHRISTOPHER AMOLSCH