# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
| v. | ) | Case Number: 1:21CR00158-001 |
| ASHLEY NICHOLE KOLHOFF | ) | USM Number: 49897-509 |
|  | ) | Christopher B. Amolsch and Frank Salvato, Esquires |
|  | ) | Defendant's Attorney |

The defendant was found guilty by a Jury on Counts 1 and 2 of the Indictment after a plea of not guilty.

The defendant is adjudged guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. §§2251(a) and (e) | Production of Child Pornography | 10/2020 | 1 |
| 18 U.S.C.§§2252(a)(2)and (b)(1) | Distribution of Child Pornography | 10/2020 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 12 2022
Date of Imposition of Judgment

/s/
Leonie M. Brinkema
United States District Judge

July 12 2022
Date

| | |
|---|---|
| Case Number: | 1:21CR00158-001 |
| Defendant's Name: | KOLHOFF, ASHLEY NICHOLE |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for for a total term of FIFTEEN (15) YEARS, consisting of fifteen (15) years as to Count 1 and five (5) years as to Count 2, to be served concurrently, with credit for time served.

The Court makes the following recommendations to the Bureau of Prisons:
1. The defendant to be designated to F.C.I. Alderson, West Virginia.
2. The defendant to participate in the Residential Drug Abuse Treatment Program (RDAP).

The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number: 1:21CR00158-001
Defendant's Name: KOLHOFF, ASHLEY NICHOLE

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of FIFTEEN (15) YEARS as to each of counts 1 and 2, to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 1:21-cr-00158-LMB Document 113 Filed 07/12/22 Page 4 of 7 PageID# 1185
AO 245B (Rev. 09/19) (VAE 11/21) Judgment in a Criminal Case
Sheet 3 – SUPERVISED RELEASE
Page 4 of 7

| | |
|---|---|
| Case Number: | 1:21CR00158-001 |
| Defendant's Name: | KOLHOFF, ASHLEY NICHOLE |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____ Date

Case Number: 1:21CR00158-001
Defendant's Name: KOLHOFF, ASHLEY NICHOLE

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall undergo a mental health evaluation and, if recommended, participate in a program approved by the United States Probation Office for mental health treatment which shall include a psychosexual evaluation and sex offender treatment. The defendant shall take all medications as prescribed and waive all rights of privacy concerning her sex offender/mental health treatment to allow the release of information to the probation office and authorize communication between the probation officer and the treatment provider. The costs for the evaluation, testing and treatment are waived.

2. The defendant shall submit to polygraph testing as directed by the probation officer. The costs of the testing is waived.

3. The defendant must remain drug free and her probation officer may require random testing at any time. Should a test indicate illegal drug use, then the defendant must satisfactorily participate in, and complete, any inpatient or outpatient treatment to which defendant is directed by the probation officer. The defendant shall waive all rights of confidentiality regarding treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. The costs for testing and treatment are waived.

4. The defendant shall not engage in employment or volunteer services that allow her access to minors.

5. The defendant shall not purchase, possess or view any sexually explicit material or images using minors in any format including, but not limited to, in magazines, books, on the computer, or any electronic device, in videos, movies, and television.

6. The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

7. The defendant shall not go to and/or loiter within 100 feet of school yards, parks, playgrounds, arcades, or other place primarily used by minors, without prior written permission of the probation officer.

8. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, according to federal and state Law and as directed by the probation officer.

9. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of her person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision.

10. The defendant shall comply with the requirements of the comuter monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

Case Number: 1:21CR00158-001
Defendant's Name: KOLHOFF, ASHLEY NICHOLE

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| TOTALS | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| Count 1 | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Count 2 | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the ☐ fine ☐ restitution.
  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996..

Case Number: 1:21CR00158-001
Defendant's

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $_____ due immediately, balance due
☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _(e.g., weekly, monthly, quarterly)_ installments of $ over a period of _(e.g., months or years)_, to commence _(e.g., 30 or 60 days)_ after the date of this judgment; or

**D** ☐ Payment in equal _(e.g., weekly, monthly, quarterly)_ installments of $ over a period of _(e.g., months or years)_, to commence _(e.g., 30 or 60 days)_ after release from imprisonment to a term of supervision; or

**E** ☒ Payment during the term of supervised release will commence within 60 days after release from imprisonment.

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>_(including defendant number)_ | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
**Forfeiture is directed in accordance with the Preliminary Order of Forfeiture entered by this Court on July 12, 2022.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.